IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>Andrew Beltran,<br><br>    Defendant/Movant. | CR 09-667-PHX-JAT<br>CIV 11-648-PHX-JAT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

On April 4, 2011, Andrew Beltran filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255, seeking to vacate his guilty plea for Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), an aggravated felony for which the government is currently seeking his removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). He alleges that trial counsel was ineffective in failing to advise him of the immigration consequences of his guilty plea.[1] Beltran avows in an affidavit filed with the Court that he would never have pleaded guilty if he had known he would be deported. On September 14, 2011, counsel testified at an evidentiary hearing that deportation was a straightforward consequence of Beltran's plea, and that counsel had misadvised Beltran on the immigration consequences of his guilty plea, telling Beltran not to worry about

---

[1] Beltran also alleges that counsel was ineffective for failing to challenge the legality of a warrantless search of his home. In light of the Court's recommendation, it need not reach this issue.

it, that his conviction would not likely get him deported. Following the evidentiary hearing, the government filed a supplemental memorandum conceding that the Court should grant Beltran's 2255 motion, citing *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). In *Padilla*, the Supreme Court ruled that it is objectively unreasonable for counsel to fail to advise a client of the immigration consequences of a guilty plea. Because Beltran's appeal was still pending when *Padilla* was decided, both parties agree that it is applicable to Beltran's case. However, the Court need not decide this issue. Even prior to *Padilla*, it was objectively unreasonable for counsel to misadvise a client of the immigration consequences of a conviction. *United States v. Kwan*, 407 F.3d 1005, 1015 (9th Cir. 2005) (abrogated on other grounds by *Padilla*). Counsel acknowledged at the evidentiary hearing that he had misadvised Beltran. In addition, Beltran was prejudiced because he avows that had he known about the immigration consequences, he would not have pleaded guilty and would have contested certain issues that he did not contest in his case. The parties further agree that the proper remedy is to vacate Beltran's guilty plea and remand the case to the district court.

**IT IS THEREFORE RECOMMENDED** that Andrew Beltran's Motion to Vacate, Correct or Set Aside Sentence be **granted** (doc. 1).

**IT IS FURTHER RECOMMENDED** that Beltran's guilty plea be vacated, and the case remanded to the district court.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any

factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 29th day of November, 2011.

```
_____
         David K. Duncan
   United States Magistrate Judge
```